Justice Ketchum,
dissenting
I dissent because the statute under which Quicken Loans was found liable, West Virginia Code § 31-17-8m(8), does not apply to this case.
West Virginia Code § 31-17-8m(8) provides, in pertinent part:
In making any primary or subordinate mortgage loan, a licensee may not, and a primary or subordinate mortgage lending transaction may not, contains terms which:
[[Image here]]
(8) Secure a primary or subordinate mortgage loan in a principal amount that, when added to the aggregate total of the outstanding balances of all other ‘primary or subordinate loans secured by the same property, exceeds the fair market value of the property on the date that the latest mortgage loan is made.[1]
By its plain terms, this statute pertains to additional mortgage loans, which when added to all other primary or subordinate loans secured by the same property, exceeds the fair market value of that property. Clearly, the existence of other mortgage loans is required for Section 31-17-8(m)(8) to apply.
My position is supported by the well-reasoned opinion by Judge Joseph R. Goodwin writing for the Southern District of West Virginia, which perceptively recognized: “By its terns, the statute does not apply when a borrower takes out her first mortgage loan and the principal balance of that loan exceeds the fair market value of the property[.]”[2]
Here, Ms. Walters refinanced her home through Quicken Loans, the result of which was a decrease in her interest rate and monthly mortgage payment. Once the loan was completed, it was the only mortgage loan secured by her home. Because there were not multiple mortgages secured by Ms. Walters’ home, West Virginia Code § 31-17-8(m)(8) provides her no relief as a matter of law. The circuit court erred by finding otherwise.
I dissent.

. (Emphasis added).

. Skibbe v. Accredited Home Lenders Inc., 2014 WL 2117088 at 6 (S.D.W.Va. 2014).